█ LUCILE M. FERGUSON, Respondent, v. JOSEPH B. FERGUSON, Appellant. — In an action for a judicial separation, in which a judgment had been rendered April 2, 1941 in favor of the plaintiff wife, the defendant husband appeals from so much of an order of the Supreme Court, Queens County, entered September 28, 1964, as granted plaintiff's motion, pursuant to statute (Domestic Relations Law, § 234), for the sole occupancy of a certain house owned by the parties as tenants by the entirety. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hill, J., dissents and votes to reverse the order insofar as appealed from and to deny the wife's motion for sole occupancy, with the following memorandum: In this separation action, in which a judgment was rendered in 1941 in favor of the plaintiff wife, I believe Special Term abused its discretion by granting the wife's motion, pursuant to section 234 of the Domestic Relations Law, for sole occupancy of a certain house owned by the parties by the entirety. This case has a distinctive feature, as far as cases involving possession of a marital residence are concerned, in that the house in question was purchased and title placed in the name of both

parties *after* the parties became legally separated. The purchase was made in 1949 with the defendant husband supplying the full consideration. He alone has provided for the upkeep and maintenance of the property down through the years. The parties lived together in this house, apparently without incident, for seven years. When defendant husband moved out in 1956 he did so voluntarily, and not at the direction of any court. For seven years the parties demonstrated that they could live peacefully under the same roof even though legally separated and even though litigation continued between them. For seven years, the plaintiff wife tacitly agreed that the house in question was to serve as the residence and abode of both parties. Now, after a nine-year absence, as the 84-year-old husband seeks to return to his own home to spend the few remaining years of his life, he finds the door barred by the apparent whim of his wife. She cites one isolated and explained example of alleged violence to the property — not her person — to show that she would be in danger of physical harm if defendant were permitted to return. Defendant has not shown any propensity for physical harm in the past and his present age raises serious doubts as to any in the future. In my opinion, upon all the facts presented by the moving affidavits, it was an improvident exercise of discretion to award to the wife the exclusive possession of the property owned by the parties as tenants by the entirety (cf. *Rowley* v. *Rowley,* 6 A D 2d 1049).